UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN D. NOE,<br>   *Plaintiff,*<br><br>v.<br><br>LPP MORTGAGE LTD. and<br>MGC MORTGAGE, INC.,<br>   *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: 4:11-cv-3798 |

## MEMORANDUM AND ORDER

LPP Mortgage Ltd. and MGC Mortgage, Inc. (collectively, Defendants) filed this Motion for Protective Order (Dkt. 35) on July 3, 2012 under Fed. R. Civ. Pro. 26(c). The motion is granted in part and denied in part. (Dkt. 33).

## Background

On June 19, 2012, this Court granted the motion to compel inspection filed by Plaintiff Susan D. Noe. That Order stated "Defendants are ordered to provide Plaintiff with the Note and Deed of Trust for Plaintiff's inspection." *Id.* The parties agree that, thus far, Defendants have not provided those documents to Plaintiff. Defendants offered to do so, provided that its counsel is allowed to attend, observe, and record the inspection process. Plaintiff refused these conditions, and filed this motion.

## Analysis

The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including specifying terms such as time and place for the disclosure of discovery, and designating the persons who may be present while the discovery is conducted. Fed. R. Civ. Pro. 26(c). The party seeking the protective order bears the burden of showing the requisite good cause. *Id.* For good cause to exist to justify a protective order, the party seeking to limit the disclosure must make more than conclusory allegations that specific prejudice or harm will result if no protective order is granted. *See Smith v. Jaramillo*, 394 Fed. Appx. 183, 186 (5th Cir. 2010). Thus, Defendants must show that some specific prejudice or harm will result without a protective order from this Court.

Defendants argue that they have good cause because a protective order will: "(i) ensure against damage, deconstruction, or alteration of the instruments; (ii) to preserve the chain of custody; and (iii) to minimize cost." (Dkt. 35). Defendants also claim that Plaintiff has no valid cause not to comply with Defendants' conditions. *Id.* Defendants' second argument is immaterial, as they bear the burden of persuasion here. Plaintiff's counsel argues that they are already subject to this Court's previous instruction against spoliation, and that additional costs would result from defense counsel's attendance because Plaintiff's counsel would then feel compelled to attend as well. Plaintiff argues that the chain of custody can be preserved by having the expert provide his reports in a sealed envelope with the documents submitted for testing.

The Court will not presume that a party will disregard its orders and engage in unethical conduct. However, given that chain of custody may be an important issue at trial, it is probably in the best interests of both sides to minimize the potential for further dispute. However, the solution proposed by Defendants is not optimal, because a video recording may simply generate further dispute about authenticity and reliability, and the presence of counsel would simply generate more fees and expenses for both sides. The most reasonable compromise is to allow Defendants' designated expert to attend and observe the inspection and testing in person, with the document(s) in question to be returned to him at the close of the procedure. (The Court is aware that Defendants' expert is from out-of-town, but Defendants freely chose to bear this additional cost).

## Conclusion

For the foregoing reasons, it is ordered that Defendants LPP Mortgage Ltd. and MGC Mortgage Inc.'s motion for protective order is granted in part. Defendants' expert will be permitted to attend the inspection in person at its own expense. All other requested relief is denied.

Signed at Houston, Texas on August 8, 2012.

Stephen Wm. Smith
United States Magistrate Judge